AMERICAN NAT. INS. CO. v. ROBERTS.

(Court of Civil Appeals of Texas. Texarkana. April 4, 1912.)

1. INSURANCE (§ 451*)—HEALTH INSURANCE—CONSTRUCTION OF POLICY.

Under a health policy dated September 19, 1910, insuring the holder till October 1, 1910, and for such further periods, stated in the renewal receipts, as the payment of the specified premium would maintain the policy in force, against illness and disease, if not contracted before the policy had been maintained in continuous force for 30 days, there could be no recovery for an illness contracted October 1, 1910, although the policy was thereafter renewed.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1164–1187; Dec. Dig. § 451.*]

2. INSURANCE (§ 375*)—HEALTH INSURANCE—ESTOPPEL TO DENY LIABILITY—AUTHORITY OF AGENT.

A health policy issued September 19, 1910, to run until October 1, 1910, and for such further periods, as the payment of the specified premium would maintain the policy in force, excepted illness contracted before the policy had been in continuous force for 30 days. Insured contracted an illness within such excepted time, and thereafter continued the policy and took receipts from the insurer's agent, authorized to issue receipts but not to issue policies, and was assured by him about November 19th, when he was sick and the premium was due, that, if he kept paying premiums, he would get his money without trouble. Held, that the issuance of renewal receipts was not the issuance of new policies, but continued in force the old contract, under which insured had never become entitled to indemnity; and the agent's assurance was not a waiver of the thirty day stipulation in the policy.

[Ed. Note.—For other cases, see Insurance, Cent.Dig. §§ 948, 951, 956–965; Dec.Dig. § 375.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by Haywood Roberts against the American National Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered that plaintiff take nothing by his suit.

Young & Abney, of Marshall, and Kleburg & Neethe, of Galveston, for appellant. M. B. Parchman and Lane & Lane, all of Marshall, for appellee.

WILLSON, C. J. [1, 2] The policy on which appellee brought the suit resulting in the judgment from which this appeal is prosecuted recited that appellant insured appellee, "subject to all the conditions herein contained and endorsed hereon, from 12:00 o'clock noon, central standard time, of the day (September 19, 1910) this contract is dated, until 12 o'clock noon, central standard time, of the first day of October, 1910, and for such further periods, stated in the renewal receipts, as the payment of the premium specified in said schedule will maintain this policy and insurance in force, against the effects resulting directly and exclusively of all other causes from bodily injury sustained solely through external violent and accidental means, * * * and against disability from illness or disease." Following specifications of the indemnity to be paid to appellee for loss of time because of illness he might contract was a stipulation in the policy as follows: "But no payment of indemnity shall be made for the first seven days' disability; nor for a longer period than six consecutive months * * * for any one illness; nor for any disease or illness contracted or beginning before this policy has been maintained in continuous force for thirty days." In its answer appellant alleged that the recovery sought by appellee was on account of illness contracted by him before the policy had been maintained in continuous force for 30 days, and set up the stipulation in the policy copied above as a reason why it was not liable to appellee. The allegation in the answer was fully supported by undisputed testimony showing the illness to have been contracted October 1, 1910. This being true, in view of said stipulation in the policy, it is plain that the recovery had by appellee cannot be referred to the contract he sued on. That recovery not only was not in accordance with, but must be said to have been in spite of, the terms of the contract as evidenced by the policy. It would seem, therefore, that the judgment clearly is erroneous. Appellee, however, insists that it appeared that appellant had waived said stipulation in the policy, and was estopped from denying liability as claimed. In determining this contention, the case made by the record must be kept in view. As stated before, the policy insured appellee against accident from its date until October 1, 1910, "and for such further periods, stated in the renewal receipts, as the payment of the premium specified in said schedule will maintain this policy and insurance in force." As it was expressly stipulated that the company should not pay indemnity for illness of the insured beginning before the policy had been in force 30 days, it is obvious that, unless it was continued in force beyond October 1, 1910, by the payment of additional premiums, it operated to insure appellee only against accidents, and never against illness; for by its terms the policy must have been in continuous force for 30 days before it became effective as indemnity against illness. It was continued in force from month to month by the payment by appellee of the sum agreed upon

for that purpose, to wit, $1.75. As these monthly payments were made, receipts covering same were executed by one Buron as appellant's agent, and delivered to appellee. The court found that Buron as appellant's agent had authority to take applications for insurance, deliver policies issued by appellant, collect premiums due thereon, issue renewal receipts, and, if necessary, countersign policies; that Buron took appellee's application for the policy sued on at the time collecting the premium to October 19, 1910, on the policy to be issued, and afterwards, monthly as same accrued, collected premiums due on the policy, issuing to appellee "renewal receipts" covering such payments; that when a premium of $1.75 became due about November 19, 1910, appellee, who was then sick, paid it to Buron, who said to him, "All you have got to do is to keep paying your premiums, and you will get your money, and you won't have a minute's trouble;" and that appellee was induced to pay said premium and others like it by his reliance on Buron's representation that he (appellee) "would get the money called for in the policy." Appellee's contention, as stated in his brief, is that the giving of a renewal receipt "was tantamount," quoting from his brief, "to issuing another policy; therefore, Buron, having had authority to issue and give these renewal receipts, * * * had authority and power to waive the condition in said policy." But, while the trial court found that Buron had authority to issue renewal receipts, he also found that Buron did not have authority to issue policies binding on appellant. If, therefore, the issuance of a renewal receipt was tantamount to the issuance of a new policy, with terms differing from those of the old one, there is a plain conflict in the findings, which should be determined against the claim of such authority in Buron; for it appeared from undisputed testimony that he was without authority to bind appellant by the issuance of a policy. But we think the issuance of a renewal receipt was not intended to create a new contract between the parties. It was intended merely as evidence of a payment which operated, as it was stipulated in the policy it should operate, to continue in force the contract they had previously made. As we have seen, by the terms of that contract, appellant was not liable to appellee for the indemnity he claimed. To hold with appellee in his contention would require us to ignore the finding that Buron was without authority to bind appellant by the issuance of a policy; for to say he could create a liability against appellant which had never before existed against it would be equivalent to saying he could bind it by issuing a policy. The suit was not one for indemnity which appellee, by the terms of the contract he sued on, might be entitled to. It was for indemnity which by the terms of that contract he could never become entitled to. His suit was one in which he was seeking to recover for a liability asserted under a contract which it not only did not create, but by its express terms repudiated. The liability he asserted had not been, but had to be, created by a contract binding on appellant. Buron, as found by the court, was without authority to make such a contract. It follows, we think, that the judgment was not only not supported by but was against the evidence.

It will be reversed, and a judgment will be here rendered that appellee take nothing by his suit.