844

COMMONWEALTH CASUALTY & INSUR-
ANCE CO. v. BALES.

No. 5807.

Court of Civil Appeals of Texas.
Texarkana.

May 1, 1941.

Rehearing Denied May 22, 1941.

Goggans & Ritchie, William P. Goar, and John G. Whitaker, all of Dallas, for appellant.

Cunningham, Lipscomb & Cole, of Bonham, for appellee.

JOHNSON, Chief Justice.

This suit was filed by Mrs. Lola Mae Bales against Commonwealth Casualty and Insurance Company seeking to recover the principal sum of $1,000 and 12% penalty and $150 attorney's fee upon a policy of insurance issued to her husband, Walter B. Bales, and in which plaintiff was named as beneficiary, on account of the death of the insured resulting from injuries received in an automobile accident. The defendant's answer contains a plea in abatement, general demurrer, special exceptions, general and special denials, and special pleadings that defendant has at no time denied but admits liability and tenders into court the sum of $37.50 which it alleges is the full amount due under the terms of the policy. Defendant further specially pleaded that it was a "mutual assessment company", incorporated, and authorized to do business under the provisions of Chaper 245 of Acts of 1933, 43rd Legislature, Article 4859f, Vernon's Ann.Civil Statutes, and was not liable for statutory penalties and attorney's fees.

Trial of the cause to the court without a jury resulted in judgment for plaintiff for $1,000 payable in 25 monthly installments of $40 each, beginning March 18, 1940; and that plaintiff be denied any recovery for penalty or attorney's fee. The defendant appealed.

Appellant rests its prayer for reversal upon three propositions. The first proposition complains of the trial court's action in overruling defendant's general demurrer to plaintiff's petition. The petition fully alleges the facts affirmatively showing that the loss sustained was a risk insured against by the general terms of the policy which in part provides:

"This Policy Insures Against: (1) Loss or disability resulting directly, and exclu-

sive of all other causes, from bodily injury sustained during the life of this policy solely through accidental means, said bodily injury hereinafter referred to as 'such injury,' * * *

"Specific Total Losses

"(A) If such injury 'through purely accidental means shall from date of accident result, directly, independently, and exclusively of all other causes and within ninety days from date of the accident, in any of the losses enumerated below, the Company will pay the sum set opposite such loss, which shall be in lieu of any other indemnity payable under this policy;

"For Loss Of:
Life ..... The Principal Sum. ($1000)."

The petition does not expressly negative the following provisions of the contract: "The indemnity under this Policy, fatal or otherwise, for any injury or disease sustained directly or indirectly, solely or partly, as a result of, or that is contributed to, being in any degree under the influence of a narcotic, or an intoxicant, or while violating any law, or by war, or by any act of war, or suffered by the Insured while in military or naval service in time of war, or suicide or attempt thereat, while either sane or insane, or those sustained by the Insured while being in or upon, or in consequence of having been in or upon any vehicle or aerial navigation (except as provided in Section 'D'), or those caused by bodily or mental infirmity, or by strains, sprains, or infection, or prostate gland trouble in any form, or cancer, or kidney trouble, or heart trouble, or rheumatism in any form, or tuberculosis, or paralysis, or high or low blood pressure, or influenza, or venereal disease, or diseases not common to both sexes, shall be payable at the rate of one-fourth of the amount specified in this Policy for non-confining sickness not to exceed three consecutive months; nor will any indemnity be allowed for any existing disability after lapse of Policy, anything to the contrary notwithstanding."

Appellant contends that plaintiff's petition is subject to general demurrer for failure to expressly negative the above-quoted provision of the policy. The decisions of our Supreme Court have settled the question in this State to the effect that where a policy contains a provision excepting from or taking out of the general coverage of the contract certain risks as not being insured against or covered by the policy, the burden is on the plaintiff to negative such exceptions, both in pleading and in proof. Travelers' Ins. Co. v. Harris, Tex.Com.App., 212 S.W. 933; Coyle v. Palatine Ins. Co., Tex.Com.App., 222 S.W. 973; Washington Fidelity National Ins. Co. v. Williams, Tex.Com.App., 49 S.W.2d 1093; International Travelers Ass'n v. Marshall, 131 Tex. 258, 114 S.W.2d 851, 852. In the case last cited it is said: "In order to sustain a judgment based on such policy, plaintiff must negative, by allegation and proof, the exceptions which under the terms of the policy specifically exempt the company from liability." But the provision under consideration in appellant's policy does not purport to except from or take out of the contract any risk covered by the general terms of the policy and exempt the company from liability therefor. In substance and effect, the provision in appellant's policy recites certain facts or conditions which if shown to exist in the case would not exempt the company from liability but merely reduce the amount of recovery below the maximum. In such respect the provision is materially different from the provisions in the policies which were before the Supreme Court in the above-cited cases declaring the rule which appellant seeks to have applied in this case. We are not willing to enlarge upon the rule declared by the Supreme Court, and we have found no decision holding that plaintiff's petition must expressly negative facts which would have the effect only of merely reducing the amount of recovery. On the other hand, there is good authority holding that: "The burden rests upon the insurer to plead and prove such facts as would reduce the amount of the recovery below the maximum." Cox v. Bankers' Guaranty Life Co., Tex.Civ.App., 45 S.W. 2d 390, 392, and cases therein cited. Appellant asserts that Imperial Life Ins. Co. v. Thornton, Tex.Civ.App., 138 S.W.2d 295, supports its contention that plaintiff's petition is fatally defective for failure to expressly negative the provision in question. Some of the language used in the opinion in that case may tend to support appellant's contention. But it will be noted that the point decided in that case was that the trial court erred in refusing to permit the company to introduce such provision of the policy in evidence after the plaintiff had introduced all the policy except such provision.

Appellant's second proposition asserts that appellee is not entitled to recover any amount, because she failed to prove that the accident resulting in the death of the insured came without and did not come within the last above-quoted provision of the policy. No findings of fact and conclusions of law were filed by the judge before whom the case was tried, and none requested. It is to be presumed in support of the judgment that the court found all facts necessary to his decision. An examination of the statement of facts shows that the judgment of the trial court is not without sufficient support in evidence in the respect complained of. The proposition is overruled.

Appellant's third proposition complains of the action of the trial court in rendering judgment for more than $500, 50% of the maximum amount of the policy. This proposition is sustained. The policy contains the following provision: "In no event will the Company be liable under any claim, fatal or otherwise, for an amount in excess of fifty (50%) per cent of the regular indemnity provided herein for any loss accruing during the first 60 days of any disability for which the Company is liable, notwithstanding any provisions to the contrary."

Plaintiff alleged and the evidence shows that the insured, Walter B. Bales, died "within a few hours" (less than 60 days) after the accident which caused his death. Such facts limited the amount of plaintiff's recovery to $500, same being 50% of the regular indemnity provided for in the policy. Alamo Health & Accident Ins. Co. v. Cardwell, Tex.Civ.App., 67 S.W.2d 337. The judgment will be modified so as to allow appellee to recover $500 instead of $1,000, by reducing the 25 monthly installments as provided for in the trial court's judgment from $40 each to $20 each.

The judgment as thus modified is affirmed.

HALL, Justice (concurring).

I concur in the opinion of Chief Justice JOHNSON in deference to the holding in Alamo Health & Accident Ins. Co. v. Cardwell, Tex.Civ.App., 67 S.W.2d 337, in which writ of error was dismissed.

WILLIAMS, Justice (dissenting).

A clause in the policy lettered "K", reads: "When claim for permanent total disability of the insured due to bodily injuries or disease covered by this policy, has been filed and approved while this policy is in full force, there will be no further payments due, but the insured will draw benefits as provided in the policy."

The last-quoted clause in the majority opinion is lettered "L" in the policy. The insurance company by its own act has incorporated both clauses "K" and "L" under the heading "Waiver of Premiums." This topic head is in large bold type. By their act in so doing it is not unreasonable to conclude that the two clauses are related, and the provisions of clause "L" are applicable to permanent total disability as mentioned in clause "K". Otherwise, the grouping of the two clauses is misleading and would not be in keeping with the notice on the face of the policy reading, "Neither you nor your family will need to employ legal assistance to collect indemnities hereunder." If clause "L" be construed as relating to all the provisions of the policy and to control the losses provided for under the heading "Specific Total Losses," then liability in the face amount of the policy of $1,000 will attach only in the event the insured dies from injuries within a certain period of 29 days, that is, after the 60th day and before the 91st day of the injury. And, further, if "L" be construed as relating to all provisions of the policy, then the provisions of the policy that they will pay $100 monthly benefits for injuries and disease from the first day is an idle gesture, and, in my judgment, is a fraud on the insuring public. Contracts of insurance are to be strictly construed in favor of the insured. To invoke this rule of construction and hold clause "L" applicable and related only to clause "K" will be in harmony with the act of the company in incorporating both clauses under the same heading, and, in some measure, will be in keeping with the excessive $50 annual premium rate charged for the insurance here involved.

For the reasons indicated, I do not concur in the majority opinion wherein the amount of liability is reduced 50%.