## PROVIDENT INS. CO. v. BAGBY.
### No. 2197.

Court of Civil Appeals of Texas. Eastland.

Nov. 14, 1941.

Percy C. Fewell, of Dallas, for appellant.

R. Judson Balch, of Seymour, for appellee.

GRISSOM, Justice.

Catherine Bagby brought this suit against Provident Insurance Company upon an insurance policy issued by defendant to plaintiff's husband, Thomas Bagby, deceased, in which plaintiff was designated as the beneficiary. Plaintiff alleged that on February 22, 1940, defendant, in consideration of $3 paid by Bagby, issued its insurance policy under the terms of which defendant agreed and became bound to insure Thomas Bagby in the sum of $300, and upon his death to pay his beneficiary said amount, provided said policy was delivered to Bagby while he was in good health. That on March 1, 1940, while Bagby was in good health and free from any disability, said insurance policy was delivered to Bagby and became effective immediately; that Bagby died March 10, 1940, while said policy was in full force and effect; that within less than 91 days thereafter notice of his death was given to defendant and defendant "denied liability to the beneficiary under the terms of its insurance policy." That payment had been demanded and refused. A copy of the insurance policy, which contained a copy of Bagby's application for insurance, was attached to and made a part of the petition.

The defendant answered specially that the policy sued on contained the following provision: Section 8: "The company will not be liable for any claim if the insured dies within ninety days from the date of this policy * * * however, the company will pay to the Beneficiary, named

in this policy, all money paid hereon." Defendant alleged that only $3 had been paid on the policy; that said amount had been tendered to plaintiff and refused, and defendant again tendered said amount to plaintiff; that the policy was issued February 22, 1940, and delivered March 1, 1940; that insured died on the 23rd day of March, 1940, less than 90 days after the date of the policy, and therefore the maximum liability of defendant on the policy was $3.

Plaintiff, by supplemental petition, alleged the application for insurance contained the following provision: " * * * and do you understand and agree that the contract binding you and the company is entirely in writing, and that it is limited to this application and the policy of insurance; and do you understand and agree that no oral statements are to bind either party to this agreement, and that the *contract is not binding until at least three months' premium is paid in cash* and this application is approved by the company and the policy is issued and delivered to *you during your continued good health and free from any disability?*" (Italics ours).

Plaintiff alleged said provision was in conflict with section 8 of the policy "in that the same clearly provides that such policy of insurance is binding when three months' premium is paid in advance and said application is approved by the company and the policy is issued and delivered to applicant during his continued good health and free from any disability." That such conflict caused the contract to be ambiguous as to *when* it became effective. Plaintiff further alleged defendant had waived section 8, insofar as it provides the policy does not become binding until 91 days from date of issuance, and was estopped from denying that the policy became binding upon delivery to Bagby while he was in good health, because defendant and its agent made representations, oral and written, that said contract of insurance ·became effective upon delivery while applicant was in good health and free from disability; that it was the intention of the parties that the contract should be "effective on the date delivered to the applicant", if he was then in good health and free from disability, and not 91 days from the date of the policy. In the alternative, plaintiff alleged that if she were mistaken as to the intention of the parties that defendant's agent "who acted within the apparent scope of his authority, misinformed the insured that said contract became effective upon date of delivery;" that relying upon such representation Bagby made application for the insurance and considered said policy binding as of the date of delivery and that said acts and representations estopped defendant from denying liability for this claim under the defense that the policy did not become effective until 91 days after its date.

From a judgment for plaintiff on the policy for $300, interest and costs, defendant has appealed.

■ It must be remembered that plaintiff's suit is one to recover upon the written insurance contract. The contract consisted of the policy, which contained a copy of the application for insurance. When the entire contract is considered, it is evident it became effective on the date of its issuance, to-wit, March 1, 1940, and delivery to Bagby, while he was in good health. But, under the plainly expressed provisions of the contract the defendant was not liable to pay the $300 stipulated in the policy if the insured died within 90 days from the date of the policy. Upon the happening of such contingency, under the definite provisions of the policy, defendant's only liability was to pay to the beneficiary all money paid as premiums on the policy. It was only in the event Bagby's death occurred "after this policy has been in force 90 days" that the company agreed to pay the beneficiary anything other than the amount paid to defendant as premiums.

■ Plaintiff contended the insurance contract was ambiguous and the trial court so construed it. If a written contract is stated so that it can be given a certain definite legal meaning, it is not ambiguous, and parol evidence is not admissible to show the intention of the parties. In this suit, upon the written insurance contract it is our duty to determine the intention of the parties from the language used in the contract, if that can be done. It is the intention expressed by the language used in the written instrument that is to be determined, as contradistinguished from any intention the parties might have had but did not express therein. Bumpass v. Bond, 131 Tex. 266, 272, 114 S.W.2d 1172; Self v. King, 28 Tex. 552; United States Fire Ins. Co. v. Rothwell, Tex.Com.App., 60 S.W.2d 759; Commonwealth Cas. & Ins. Co. v. Bales, Tex.Civ.App., 151 S.W.

2d 844; Morford v. California Western States Life Ins. Co., 166 Or. 575, 113 P. 2d 629.

 In Lewis v. East Texas Finance Co., 136 Tex. 149, 146 S.W.2d 977, 980, our Supreme Court, in an opinion by Justice Critz, said:

"(a) When parties have reduced their contract to writing, and the terms and conditions of the written instrument are expressed without uncertainty as to the subject matter and nature of the contract, the writing is presumed to contain the whole of the agreement, and contemporaneous parol evidence is not admissible to contradict or vary the terms of the written instrument. Self v. King, 28 Tex. 552.

"(b) If a written contract is so worded that it can be given a certain or definite legal meaning or interpretation, it is not ambiguous. It follows that parol evidence is not admissible to render a contract ambiguous, which, on its face, is capable of being given a definite certain legal meaning. This rule obtains even to the extent of prohibiting proof of circumstances surrounding the transaction when the instrument involved, by its terms, plainly and clearly discloses the intention of the parties, or is so worded that it is not fairly susceptible of more than one legal meaning or construction. Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, 127 A.L.R. 1217."

The contract was in effect about March 1, 1940, when it was delivered to the insured while he was in good health, but, under the plainly expressed terms of that contract defendant was not bound to pay plaintiff anything, other than the amount paid on the policy as premiums, if the insured died within 90 days from the date of the policy. By the plain and definite terms of the policy it was expressly provided that only in the event of the death of the insured after the expiration of a period of 90 days from and after the date of the policy that defendant agreed to pay the $300 (or such part thereof as was collected from its members) to the beneficiary of Thomas Bagby.

We know of no law prohibiting such a provision. Such provisions have been construed and given effect in many cases. See Southwestern Cas. Co. v. Leach, Tex.Civ.App., 98 S.W.2d 1016, 1018, writ refused; American Ins. Co. of Texas v. Estes, Tex.Civ.App., 141 S.W. 2d 459, writ refused; American Nat. Ins.

Co. v. Roberts, Tex.Civ.App., 146 S.W. 326; Home Benefit Ass'n v. Robbins, Tex. Civ.App., 34 S.W.2d 329, 331. After a careful consideration of the record and all of plaintiff's contentions, we have concluded that the only proper judgment that could have been rendered was one for the plaintiff for the amount tendered her by the defendant, that is, $3, the amount paid as premiums on the policy. The judgment is reformed so as to award plaintiff judgment against defendant for only $3, and as so reformed it is affirmed. Illinois Bankers' Life Ass'n v. Floyd, Tex.Com. App., 222 S.W. 967, 971.

Reformed and affirmed.