**HUTCHESON v. RESERVE LIFE INS. CO.**

No. 15242.

Court of Civil Appeals of Texas.
Fort Worth.

March 9, 1951.

Rehearing Denied March 30, 1951.

724

Hassell & Hassell, of Dallas, for appellant.

Margaret A. Brand, of Dallas, for appellee.

HALL, Justice.

Appellant R. C. Hutcheson sued appellee Reserve Life Insurance Company in a Dallas County Court at Law to recover benefits which he alleged were due him under the terms of an insurance policy issued by appellee to appellant for hospitalization of his wife.

Appellant plead the contract and relied upon same as being enforceable. He also alleged that his wife, Mary Grace Hutcheson, became ill on or about September, 1949, while the policy was in effect, and it was necessary that she undergo an operation.

Appellee filed its general denial and by way of special answer plead as a defense a portion of the insurance contract as follows:

"Hereby Insures the Applicant, first named in the following Schedule A, herein-

after called the Insured, and all dependent members of the Insured's family, if any, named in said Schedule (all of whom, including the Insured, are hereafter called the Family Group), and will pay, subject to all provisions and limitations herein contained, the benefits provided herein for hospital confinement and other specified expense

"(a) * * *

"(b) resulting from sickness which originates while this policy is in effect and more than fifteen days after the date hereof, hereinafter referred to as such sickness; and * * *."

The policy also provides the following: "No statement made by the applicant for insurance and not included herein shall avoid the policy or be used in any legal proceeding hereunder. No agent has authority to change this policy or to waive any of its provisions. No change in this policy shall be valid unless approved by an executive officer of the Company and such approval be endorsed hereon."

There were two issues submitted to the jury as follows:

"Special Issue No. 1. Do you find from a preponderance of the evidence that the physical condition which necessitated the operation in question upon Mrs. Hutcheson existed prior to the effective date of the policy of insurance in question? Answer Yes or No. Answer: Yes.

"Special Issue No. 2. Do you find from a preponderance of the evidence that the Reserve Life Insurance Company, at the time it issued the policy of insurance in question, knew of the condition which necessitated the operation in question upon Mrs. Hutcheson? Answer Yes or No. Answer: Yes."

The trial court entered its judgment non obstante veredicto for appellee.

Appellant's four points mainly consist of objections to the trial court's judgment because there was sufficient evidence to establish by parol testimony that appellee had entered into an oral agreement different from the written contract upon which he relies, or, stating it another way, appellant

undertook to engraft a parol agreement upon the written contract plead by him.

Appellant did not plead accident, fraud or mistake. Veal v. Fire Association of Philadelphia, Tex.Civ.App., 30 S.W.2d 715, and cases there cited; 24 Tex.Jur., p. 1233, sec. 378. Neither did he plead for reformation of the written contract but merely attempted to vary the terms thereof. 36 Tex.Jur., pp. 711–793, Reformation of Instruments.

Be that as it may, appellant's testimony, wherein he undertakes to prove an oral agreement by and between him and appellee to the effect that his wife was covered by the policy upon the illness from which she admittedly was suffering and which the jury found she had prior to the time of issuance of the policy, is insufficient to support such a finding if same had been submitted to the jury. The most favorable testimony adduced upon this subject was by appellant's wife, who testified in substance as follows: That some lady called her by telephone, reputedly from appellee's office, and talked to her about insurance, and she told this lady they were interested in such a policy. She testified she undertook to outline to this lady what her then condition was, wherein the lady answered, "Oh, if you don't know anything definite had been—has been done, I feel sure that Reserve Life will issue you a policy." Later said lady sent a person from the office to see her and this conversation took place between her and the alleged agent of the Company:

"Q. When he came there, what was it that you said to him? A. I said, 'Did you understand what I said to Mrs. "so-and-so" '—this lady—and he said, 'Yes; I understand.'

"Q. Did you name the parties? A. Yes; I think we did. I asked him, 'Did she tell you what our conversation was?', and he said, 'Yes; she did.' I assumed that she had told him the whole thing."

We think the testimony is hearsay and at most imputes mere assumption.

Mere fact the jury found that appellee Company knew of the condition which necessitated the operation upon appellant's wife prior to issuance of the policy does not operate as a waiver of the above policy terms, which we find to be unambiguous, such terms being, in effect, that no illness is covered which originated before or within fifteen days after date of the instrument. The policy covers three people other than the wife.

Since appellant plead and relied upon the contract, we think the jury's answer to special issue No. 1 foreclosed his right of recovery under its terms.

Finding no error, judgment of the trial court is affirmed.