AMERICAN CASUALTY CO. OF READING, PA., v. OLIVER.

No. 34193.    Dec. 11, 1951.

Rehearing Denied Jan. 22, 1952.

*239 P. 2d 1012.*

Pierce, Rucker, Mock, Tabor & Duncan and John R. Couch, Oklahoma City, for plaintiff in error.

Homer H. Bishop, Seminole, for defendant in error.

CORN, J. This action was brought by Fred G. Oliver against American Casualty Company of Reading, Pa., to recover benefits under a special hospital expense policy.

The trial was to the court and at the conclusion of plaintiff's evidence defendant. demurred thereto on the grounds that the evidence offered by plaintiff was insufficient to support a judgment in his favor. The trial court overruled the demurrer. Defendant stood on its demurrer and offered no evidence. The court thereupon rendered judgment in favor of plaintiff. Defendant appeals and assigns this ruling as error.

Plaintiff in his petition alleges, and the evidence shows: defendant, on September 26, 1946, issued to plaintiff its hospital expense insurance policy. The policy indemnifies plaintiff against loss resulting from injury or sickness, and insurer agrees to pay indemnity for injury or sickness while insured is necessarily confined within a hospital or sanitorium and therein regularly visited and treated by a legally qualified physician or surgeon, for the time and amounts as stated in the policy. The evidence further shows that plaintiff had contracted a cataract on his eye and on December 7, 1946, entered a hospital in Oklahoma City for the purpose of having an operation performed to remove the cataract. The operation was performed two days thereafter. He remained in the hospital until the 18th day of December, 1946.

Due proof of loss was furnished defendant, wherein plaintiff claimed indemnification for hospitalization and medical treatment and other expenses in the total sum of $308.05. Upon receipt of proof of loss defendant denied liability and tendered return of premiums paid which plaintiff refused to accept.

Plaintiff introduced the policy in evidence. It contains the following exclusion clause:

"This policy does not insure nor provide payment for any loss or expense which resulted wholly or partially, directly or indirectly from any injury sustained or any sickness contracted:

" '(e) Because of rest cure or for solely diagnostic work, or as the result of congenital conditions; or for any injury or sickness having its inception prior to the effective date of this policy, except as modified in part V.:' . . ."

None of the modifications mentioned in part V are applicable here and need not be discussed.

Defendant in his brief relies upon this provision of the policy as a defense. The provision is not pleaded by it as a defense in its answer. Plaintiff, however, testified that he had developed a cataract on his right eye prior to the effective date on the policy and in his application so states.

Plaintiff in his brief relies for recovery on a waiver by defendant of this provision of the policy and introduced evidence in support thereof. In his petition, however, plaintiff does not plead waiver, and the evidence in support thereof was admitted over the objection of defendant urged specifically

on that ground. The objection should have been sustained.

In order that a party may avail himself of the doctrine of waiver as constituting a part of his cause of action or defense, he should plead the facts constituting waiver. Nance v. Oklahoma Fire Ins. Co., 31 Okla. 208, 120 P. 948; Hartford Fire Ins. Co. v. Mathis, 57 Okla. 332, 157 P. 134.

Since waiver of this condition of the policy was not pleaded by plaintiff, and the evidence offered in support thereof was admitted over the objection of defendant, the trial court in passing upon the demurrer should not have considered such evidence. Harrison v. Fugatt, 179 Okla. 367, 65 P. 2d 1200; Security Ins. Co. v. McAlister, 90 Okla. 274, 217 P. 430.

Eliminating the evidence as to waiver there is no competent evidence to support a judgment in favor of plaintiff. The trial court therefore erred in overruling defendant's demurrer to the evidence. Security Insurance Co. v. McAlister, supra.

Judgment reversed.

HALLEY, V. C. J., and GIBSON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.