344 Mass. 71 (1962)
181 N.E.2d 594
THOMAS H. DOWDALL
vs.
THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA.
Supreme Judicial Court of Massachusetts, Suffolk.
February 9, 1962.
April 4, 1962.
Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.
Monto Rosenthal, (Albert S. Resnick with him,) for the plaintiff.
David H. Fulton, for the defendant.
SPALDING, J.
This is an action on an insurance policy to recover disability benefits. At the close of the evidence the defendant presented a motion for a directed verdict, which was granted, subject to the plaintiff's exception. The judge thereupon reported the case, and the sole question is whether the judge erred in allowing the motion.
It was agreed that the plaintiff was a holder of an insurance policy issued by the defendant on November 10, 1952, and that the plaintiff had paid the required premiums up to the time he became incapacitated. The policy provided for weekly payments of $50 for a period of fifty-two weeks in case the assured was totally disabled by disease or sickness. For twenty-one years prior to the issuance of this policy the plaintiff was the holder of a similar type of policy issued by the defendant. The weekly benefits under the earlier policy were one half the amount called for in the later policy. Attached to the new policy was a photostat of the plaintiff's application for that policy; a photostat of the plaintiff's application for the old policy was likewise attached. It was agreed that the plaintiff was totally disabled from December 18, 1958, to the time of the trial. And the cause of this disability (multiple sclerosis) is not in dispute.
*73 Under the policy, benefits were payable only for disability "resulting from sickness or disease originating more than 30 days... after the effective date hereof" (emphasis supplied). The defendant argues that this provision precludes recovery. The evidence bearing on this issue was as follows: The plaintiff submitted to the defendant a form furnished by the defendant entitled "Attending Physician's Statement  Sickness." This was filled out on December 30, 1958, by Dr. Thomas A. Kelly who had been the defendant's physician from 1944 to 1958. In answer to certain questions on the form, Dr. Kelly stated that the disease for which disability benefits were claimed was multiple sclerosis; that the symptoms of the disease first appeared in 1944; and that the plaintiff first consulted him for this condition in 1947-1948. Dr. Kelly testified that he "had reasonable cause to believe that the plaintiff had multiple sclerosis in 1946, 1947, 1948  along in there"; that he did not tell the plaintiff that he had the disease; that as late as 1952 the plaintiff did not know that he had it; and that a definite diagnosis was made in 1955.
On January 2, 1959, the plaintiff filled out and submitted to the defendant a form entitled "Preliminary Report of Sickness" in which, among other things, he stated that he first learned that he had multiple sclerosis in June, 1954, when he consulted an eye doctor. The diagnosis was confirmed in 1955 while the plaintiff was undergoing treatment in a hospital. The plaintiff testified that from "1944, with the exception of remissions ... [he had] had trouble with his arms and legs." Answers to interrogatories in another action were put in evidence in which the plaintiff stated that he had learned in 1954 that he had "had that disease since 1944."
On the basis of the foregoing evidence, as to which there was virtually no dispute, we are of opinion that the plaintiff's disability resulted from a disease "originating" several years prior to the issuance of the policy on November 10, 1952. While the definitive diagnosis was not made until later, it is apparent that the progress of the disease was *74 well advanced when the policy was issued. Knowledge of the existence of the disease on the part of the plaintiff was not required; it was sufficient if the disease had in fact originated prior to the effective date of the policy. We are mindful that the word "originating" in a policy of this sort should receive a restrictive construction; otherwise the purported coverage would be illusory. The mere presence of latent germs or seeds of illness in the body prior to the issuance of such a policy would not preclude recovery. "Few adults are not diseased, if by that one means only that the seeds of future troubles are not already planted." Grain Handling Co. Inc. v. Sweeney, 102 F.2d 464, 466 (2nd Cir.). Thus, it has generally been held in construing policies of this type that the origin of a sickness or disease is deemed to be the time when it first becomes manifest or active, or when there is a distinct symptom or condition from which one learned in medicine can diagnose the disease. See note, 53 A.L.R. (2d) 682, 689. Here that test has been satisfied for the symptoms of the disease had become manifest long before the issuance of the policy. See Mutual Benefit Health & Acc. Assn. v. Patton, 37 F. Supp. 48 (E.D. Ky.). Cf. Jefferson Life & Cas. Co. v. Bevill, 264 Ala. 206; Cohen v. North Am. Life & Cas. Co. 150 Minn. 507; Reserve Life Ins. Co. v. Lyle, 288 P.2d, 717 (Okla.).
The plaintiff contends that by attaching to this policy the application for the earlier (1931) policy the defendant "must have intended to convey the meaning that the [second] policy ... [was] a continuation" of the earlier policy, and "that at least the insured had the continuance of the benefits" of the earlier policy. All that the second policy did, it is argued, was to increase the benefits of the first policy. In support of this contention, the plaintiff relies on a clause under the heading "Standard Provisions" which reads: "1. This certificate includes the endorsements and attached papers."[1] But this argument ignores another clause of the policy which, under the heading "Additional *75 Provisions," reads, "This certificate is issued in lieu of and supersedes all prior certificates issued by this Association to the member herein named, and this Association shall not after date hereof be liable for any loss or claim of any kind arising hereafter under or by reason of any certificate heretofore issued by it to said member."[2] There can be no doubt that under this provision the plaintiff's rights arise exclusively out of the second policy. Accordingly, if the disease resulting in the plaintiff's disability originated prior to the issuance of that policy  and, as indicated above, we think that it did  the plaintiff was not entitled to recover, and the judge rightly directed a verdict for the defendant.[3]
Judgment for the defendant.
NOTES
[1] Although we have referred to the contract of insurance as a policy, it is called a "certificate" in the contract.
[2] In the policy the insurer is called "Association" and the policyholder is called "member."
[3] The policy contained a clause that it shall "for all purposes be deemed to be executed, issued and delivered within, and to be construed in accordance only with the laws of, the State of New York." Whether, in view of the fact that the plaintiff is a resident of this Commonwealth, New York rather than Massachusetts law would govern need not be decided (see Restatement 2d: Conflict of Laws, Tent. draft no. 6, 1960, § 346h), for the law is the same. See Reiser v. Metropolitan Life Ins. Co. 262 App. Div. (N.Y.) 171, affd. 289 N.Y. 561.