AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, a Stock Company, Appellant,

v.

Ivan J. SHEFFERMAN, Appellee.

No. 3247.

District of Columbia Court of Appeals.

Argued June 17, 1963.

Decided Aug. 22, 1963.

Leonard L. Lipshultz, Washington, D. C., with whom Sol Friedman, Washington, D. C., was on the brief, for appellant.

James E. Hogan, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This appeal presents a question of construction of a provision in a group major medical insurance policy. The provision in question defines "sickness" as used in the policy to mean "sickness or disease causing loss commencing while the Policy is in force * * *." The question is whether "commencing while the Policy is in force" modifies "sickness" or "loss."

It was conceded by the insured that his wife, a dependent under coverage of the policy, at the time of issuance of the policy was suffering from some illness for which she had been and continued to be under the care of her doctors; that after issuance of the policy she continued under the care of her doctors for the same illness which ultimately resulted in her hospitalization for which claim under the policy was made.

The insurance company contends that the policy does not cover loss resulting from sickness which existed prior to issuance of the policy. The insured contends that the policy covers losses incurred after issuance

of the policy, regardless of the time the sickness began. There is a degree of force in each contention because the wording of the policy is not clear and unambiguous. Adding to the confusion in the definition of "sickness" is the provision of the policy with respect to benefits being payable "If injury or sickness shall require, commencing while this Certificate is in force, treatment by a legally qualified physician * *." Does "commencing while this Certificate is in force" apply to injury or sickness or does it apply to treatment?

Applying the long-established rule that ambiguities in a policy of insurance shall be resolved against the insurer, we hold that the trial court correctly ruled that the insured was entitled to recover. Had the insurer intended to restrict coverage for losses from sickness to losses from sickness which commenced after the effective date of the policy, it could have so stated in plain and unambiguous language.[1]

Affirmed.

1. See American Casualty Co. of Reading, Pa. v. Oliver, 205 Okl. 639, 239 P.2d 1012; Dowdall v. Commercial Travelers Mutual Acc. Ass'n, 344 Mass. 71, 181 N.E.2d 594; Taub v. (American) Lum-

bermens Mut. Casualty Co., 197 Misc. 888, 98 N.Y.S.2d 31; Apter v. Home Life Ins. Co. of New York, 266 N.Y. 333, 194 N.E. 846, 98 A.L.R. 1281.