ALBERT & HARLOW, INC., a corporation, Plaintiff in Error,

v.

Robert W. FITZGERALD, an individual, Defendant in Error.

No. 40214.

Supreme Court of Oklahoma.

Feb. 25, 1964.

Sam P. Daniel, Jr., John L. Arrington, Jr., Lupardus, Holliman & Huffman, Tulsa, for plaintiff in error.

Paul & Montgomery, Durant, for defendant in error.

IRWIN, Justice.

Albert & Harlow, Inc., hereinafter referred to as plaintiff, commenced this action against Robert W. Fitzgerald, to recover a money judgment based on a written contract for the rental of a cat-tractor. The matter was tried to the court and judg-ment was rendered for the defendant. Plaintiff appeals from the order overruling its motion for a new trial.

## PLEADINGS

Plaintiff alleged, inter alia, that it and defendant entered into a written rental lease contract under the terms of which defendant agreed to rent from plaintiff a cat-tractor for a minimum period of three months for a consideration of $1900.00 per month; that the cat-tractor was delivered to defendant; that defendant failed to make payment under the contract for the last month and that there was due and owing the rental payment for the last month.

Attached to the petition and made a part thereof was the written rental lease contract which provided for "the minimum rental period of 3 months", and for a consideration of $1900.00 per month. The contract also contained this provision:

"This lease contemplates the continuous rental of the above property at the rate of rental above agreed upon until said property is duly returned to lessor at its place of business. But the lessee shall be liable for the full rental for the entire minimum period even though the property is returned to the lessor prior to the termination of the minimum period."

The answer of defendant consisted of a general denial and the following:

"Further answering, said defendant states that he returned said tractor and equipment to the plaintiff or its authorized agent and representative within the time set out in the contract, and that he has paid all that is due thereon as rental and does not owe the plaintiff any sum whatever."

## FACTS

The record discloses the written contract was executed by the parties and that the cat-tractor was delivered to the defendant; that defendant used the cat-tractor for two months and returned it to plaintiff; and that defendant paid two months rental but

did not pay the last month's rental as required by the written lease contract.

Defendant was permitted to testify, over the objections of the plaintiff, that a Mr. King, who was a salesman and representative of plaintiff, presented him with the lease contract for signature after the cat-tractor had been delivered, but that he told King he would not sign the contract as it provided for a minimum rental period of 90 days and that he thought he would not need the cat-tractor for more than 60 days; that King assured him if he would sign the contract for a minimum rental period of 90 days, the plaintiff would take it back at the end of 60 days. Defendant testified that he returned the cat-tractor to plaintiff within 60 days and King then contacted him and said plaintiff wanted the rental payment for the last 30 days; that he told King he didn't think he owed any additional rental and would pay no more unless forced to. Over the objections of the plaintiff, defendant was permitted to further testify that King called him the next day and told him that plaintiff told him (King) to tell him (defendant) that everything was alright and to forget the payment for the last thirty days.

Mr. King was called on behalf of the defendant, and over the objections of the plaintiff, Mr. King was permitted to give testimony which corroborated the testimony of defendant.

## CONCLUSIONS

Plaintiff's petition stated a cause of action for the recovery of a money judgment based on a written contract. Defendant filed a general denial and further answered that he returned the cat-tractor within the time set out in the contract and had paid all the rental due. No other pertinent pleadings were filed.

Title 15 O.S.1961 § 137, provides:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

In Oklahoma Co. v. O'Neil, Okl., 333 P.2d 534, we held that in the absence of fraud or mistake, all previous oral discussions are merged into and superseded by the terms of an executed written agreement or instrument, and such instrument cannot be varied or the terms thereof changed by parol testimony. See also Goldstein v. Welded Products Co., 196 Okl. 219, 164 P.2d 229; Pray v. Kidd Williams Drilling Corp., Okl., 352 P.2d 380; and Quincy Johnston, Inc. v. Wilson, Okl., 358 P.2d 205. In Lone Star Gas Company v. Oakman, Okl., 283 P.2d 810, we held:

"Under Section 137, 15 O.S.1951, generally referred to as the parol evidence rule, parol testimony is admissible to vary or contradict the terms of a written contract only where either fraud, accident or mistake is pled and proven by clear, cogent and convincing evidence.

"While it is not necessary to use the term 'fraud' in alleging fraud in the execution of a written contract, the facts constituting fraud must be alleged to entitle one to introduce evidence to vary or contradict the express terms of a written contract."

In Stafford v. McDougal, 171 Okl. 106, 42 P.2d 520, we held that fraud is never presumed, but it must be affirmatively alleged and proven by the party who relies on it, and cannot be inferred from facts which may be consistent with honesty of purpose.

Under the authorities cited above, all the discussions between defendant and King merged into and were superseded by the terms of the executed written agreement and the parol testimony concerning the execution of the written instrument was inadmissible to vary or contradict the express terms of the written contract in the absence of fraud, accident or mistake. Before testimony could be admissible to prove that the written contract was en-

tered into through fraud, accident or mistake, which would constitute an affirmative defense, it was necessary for defendant to plead fraud, accident or mistake.

As we have heretofore pointed out, neither fraud, accident or mistake was pleaded by defendant in his answer. Under such circumstances, the testimony of defendant and King, which related to their discussion prior to the execution of the written contract, was inadmissible to vary or contradict the terms of the written instrument.

Although the parol evidence was inadmissible to vary the terms of the written contract, we find that evidence was submitted, over the objections of the plaintiff, that plaintiff was satisfied with the payments made for 60 days use of the cattractor and for defendant to forget about the payment for the last 30 days. This testimony, in effect, was that plaintiff was satisfied and that he released defendant from paying the last monthly rental or waived such payment.

 In Bourne v. Leathers, Okl., 340 P. 2d 238, we said that an allegation that one party released another from liability is a mere conclusion of law, and a plea or answer relying on a release is not good unless acts or facts are pleaded showing a release. We also said that defendant's plea or answer must show that the release relied on was founded on a consideration, and must set out the consideration full and with certainty. In American Casualty Co. of Reading, Pa. v. Oliver, 205 Okl. 639, 239 P.2d 1012, we held in order that a party may avail himself of the doctrine of waiver as constituting a part of his cause of action or defense, he must plead the facts constituting waiver.

Since defendant did not plead a release or waiver of the last month's rental by plaintiff, the testimony concerning a waiver or release of such payment was inadmissible.

Inasmuch as the trial court's judgment could only be based on inadmissible parol evidence, and the admission of such evidence affects the substantial rights of the plaintiff, the trial court's judgment must be reversed.

The judgment of the trial court is reversed with directions to grant plaintiff a new trial.

HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.

BLACKBIRD, C. J., and WELCH and DAVISON, JJ., dissent.