**Ray Vernon ABEL, Appellant,**

v.

**OCCIDENTAL LIFE INSURANCE COMPANY OF CALIFORNIA, Appellee.**

**No. 16780.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 16, 1966.

Rehearing Denied Jan. 13, 1967.

**452**

John W. Herrick and Norman W. Darwin, Fort Worth, for appellant.

Cantey, Hanger, Gooch, Cravens & Scarborough, and John McBryde, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Appeal from summary judgment for defendant Occidental Life Insurance Company by plaintiff Ray Vernon Abel. Effect of judgment was to foreclose liability under insurance policies on the ground that the heart condition giving rise to the sickness, hospitalization, and expense incident to operative procedure existed prior to effective date of the policies.

Judgment affirmed.

Reference is made to 53 A.L.R.2d 686, et seq., Annotation, "When sickness deemed to have inception within clause of health or hospital policy covering sickness originating while policy is in force". In the introduction it is noted that the annotation is concerned with the cases litigating the problem of when a particular sickness, illness, ailment, or disease (the words being used interchangeably) had its inception.

Reference is also made to 45 C.J.S. Insurance § 893, pp. 971–972, Health Insurance, relative to *inception of disease or disability*. Therein it is stated: "Policy provisions precluding recovery for disease or disability originating before a prescribed time have been held to be valid, and such a condition is of the essence of the contract and its fulfillment is a prerequisite to recovery, as where liability is limited to cases where illness begins after issuance of the policy, or at or after a specified period from the date of the policy. Such clauses have been strictly construed against the insurance company, and an illness or disability has been deemed to have its inception when the disease first becomes manifest or active, and not at the earlier time when the medical cause of the disease may have begun or had its origin. Accordingly, such a policy covers losses resulting from illness which first manifests itself after the prescribed period notwithstanding the medical cause thereof antedated such period. Where the policy insures against sickness contracted during its term, insured has been allowed recovery where his disease was contracted before such time but did not cause disability until some time during the term of the policy."

Texas cases are cited in annotations of both the foregoing authorities along with out of state cases upon holdings in which plaintiff relies.

There is no question but that the physical condition because of which plaintiff's claim was arisen lay in a pre-existent heart condition. That condition was, by the time for hearing of the case on defendant company's motion for summary judgment, diagnosed, explored, operated and confirmed as having been an opening or "hole" between two chambers of Mrs. Abel's heart, existent since birth. Plaintiff shows that the only known condition to his wife was her "heart murmur". The uncontradicted evidence, however, is to the effect that even without exploration the cause of such murmur would have been readily diagnosed as what it was determined to have been upon exploration, and what it was found to be pursuant to operative repair.

Defendant insurance company contends that Texas cases establish that under "stare decises" the pre-existent "physical condition" necessitating the operation, indisputably established, forecloses plaintiff's right to recover. American Nat. Ins. Co. v. Roberts, 146 S.W. 326 (Texarkana, Tex. Civ.App., 1912, no writ); Hutcheson v. Reserve Life Ins. Co., 237 S.W.2d 723 (Fort Worth, Tex.Civ.App., 1951, no writ); and American Standard Life Insurance Co. v. Redford, 337 S.W.2d 230 (Austin, Tex. Civ.App., 1960, writ ref. n. r. e.). The company concedes that Old National Insurance Co. v. Johnson, 312 S.W.2d 715 (Austin, Tex.Civ.App., 1958, no writ) seems to hold to the contrary. Our examination of the opinion does not bear out the concession for the policy provision there in question covered "sickness as may begin" more than ten days after the date the policy was accepted, without reference made to the cause thereof.

However, says the defendant company, even if the court deems the more liberal rule proper of application the undisputed facts in the case make proper the lower court's judgment in denial of liability. An accurate and complete statement of the more liberal rule is: "Thus, it has generally been held in construing policies of this type that the origin of a sickness or disease is deemed to be the time when it first becomes manifest or active, or when there is a distinct symptom or condition from which one learned in medicine can diagnose the disease." Dowdall v. Commercial Travelers Mutual Acc. Ass'n, 344 Mass. 71, 181 N.E. 2d 594 (1962). See also the Annotations in 53 A.L.R.2d 686, and cases annotated under 45 C.J.S. Insurance § 893, pp. 971–972.

From the evidence in the depositions before the court on hearing on the summary judgment, it is undisputed that one or more of the following was established: (1) the condition was manifest before the policy effective date, (2) the condition was active before the policy effective date, (3) there was a distinct symptom from which one learned in medicine could diagnose the de-fect in the heart before the policy effective date, and (4) there was a distinct condition from which one learned in medicine could diagnose the defect in the heart before the policy effective date.

Whether or not the more liberal rule would be that which would control disposition of the case the trial court's entry of summary judgment for the defendant was undoubtedly proper.

Judgment is affirmed.