William H. HANNUM and Karen Hannum, Appellants,

v.

GENERAL LIFE AND ACCIDENT INSURANCE COMPANY, Appellee.

No. 13–87–213–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 4, 1988.

Curtis B. Dyer, Corpus Christi, for appellants.

J. Kevin Clark, Patrick H. O'Neill, Camp, Jones, O'Neill, Hall & Bates, Fort Worth, for appellee.

Before BENAVIDES, UTTER and SEERDEN, JJ.

OPINION

BENAVIDES, Justice.

Appellants, William Hannum and his wife, Karen Hannum, appeal the judgment in favor of the *General Life and Accident Insurance Co.* (General) in their suit for a wrongful denial of an insurance claim and for deceptive trade practices. We affirm.

By their first point of error, the Hannums claim that the trial court erred in denying their requested jury instruction on "pre-existing condition."

 The health insurance policy issued by General to Mr. Hannum provided that " 'Pre-existing Conditions' are not covered until this policy has been in force for two years...." Mr. Hannum made a claim on

the policy about one year after its effective date for expenses he incurred due to a serious, rare spinal condition known as arteriovenous malformation (A.V. malformation). Noting that Hannum had been treated for numbness and weakness in his legs long before the policy was issued, General informed Hannum that it viewed his illness as a pre-existing condition and denied coverage.

At trial, the court rejected the Hannum's requested jury instruction which provided as follows:

> You are instructed that a "pre-existing condition" means a sickness or illness which has been diagnosed as a named sickness or illness or has been treated by a physician prior to November 15, 1983 and is the same diagnosis, sickness or illness for which the insured is making claim(s) under their insurance policy; not included are complaints or symptoms given by the insured prior to November 15, 1983 which might give rise to a particular named sickness or illness in the future.

The trial court instructed the jury that: a pre-existing condition means a sickness or illness which is deemed to have its inception *when it first becomes manifest or active,* or where there are distinct symptoms or conditions from which one learned in medicine could diagnose such sickness or illness and not at the earlier time when the medical cause of the disease may have begun or had its origin (emphasis added).

The jury found that Hannum had a pre-existing condition, which meant that he was not entitled to coverage under the policy.

The instruction given by the trial court was in accordance with Texas law and was not error. *See generally First Bankers Insurance Co. v. Newell,* 463 S.W.2d 745, 747 (Tex.Civ.App.—Amarillo), *aff'd,* 471 S.W.2d 795 (Tex.1971); *International Security Life Insurance Co. v. Kamp,* 462 S.W.2d 63, 66 (Tex.Civ.App.—Beaumont 1970, writ dism'd); *First Bankers Insurance Co. v. Howell,* 446 S.W.2d 711, 713 (Tex.Civ.App.—Amarillo 1969, no writ); *Abel v. Occidental Life Insurance Co.,* 410 S.W.2d 451, 453 (Tex.Civ.App.—Fort Worth 1966, writ ref'd n.r.e.).

The Hannums do not challenge by point of error the sufficiency of the evidence to support the jury's answer to this special issue. It seems undisputed that Mr. Hannum experienced the effects of A.V. malformation long before the policy was issued, and the record contains expert medical testimony that the condition (not just the inception of the condition) existed and was capable of diagnosis before the policy was issued. However, the Hannums argue that since Mr. Hannum did not know he had the A.V. malformation at the time the policy was acquired, and since it was not diagnosed as such prior to his acquisition of the policy, that any medical condition he may have had was not a pre-existing condition as a matter of law. The Hannums' argument is that under their unknown, undiagnosed scenario, Mr. Hannum's medical condition was necessarily limited to such a condition as might give rise to a disease in the future and, therefore, not a pre-existing condition. We find no support for such a position in law nor in reason. In fact, it is contrary to well established law in this State. While the earlier time at which a disease or illness may have begun or had its origin does not determine the inception of a pre-existing condition, a disease or illness is a pre-existing condition under any of the following circumstances:

> (1) the condition was manifest before the effective date of the policy;
>
> (2) the condition was active before the effective date of the policy;
>
> (3) there was a distinct symptom from which one learned in medicine *could* diagnose the defect before the effective date of the policy.
>
> (4) there was a distinct condition from which one learned in medicine *could* diagnose the defect before the effective date of the policy.

*Abel v. Occidental Life Insurance Company,* 410 S.W.2d at 453.

The jury below could have found Mr. Hannum's A.V. malformation to be a pre-existing condition under any of the above listed circumstances. That a diagnosis of

A.V. malformation was not made before the policy was acquired does not mean that such a diagnosis could not have been made. The fact that the doctors did not make a diagnosis of A.V. malformation before the effective date of the policy does not alter the definition of pre-existing condition, nor does it change the nature of a pre-existing condition. *See Mutual Life Insurance Co. v. Bohannon*, 488 S.W.2d 476 (Tex.Civ. App.—Dallas 1972, no writ).

Additionally, the Hannums assert that under the rule applied in *Glover v. National Insurance Underwriters*, 545 S.W.2d 755 (Tex.1977) and its progeny, their version of the instruction is required and in fact establishes as a matter of law its construction of the definition of pre-existing condition so as to require coverage of the Hannums' claim.

Under the rule in *Glover*, the reasonable construction of a policy provision urged by the insured will prevail against the construction urged by the insurer to provide coverage when a limiting or exclusion of coverage clause is vague or when the meaning and scope of the exclusionary clause becomes uncertain or ambiguous under particular circumstances. *Glover*, 545 S.W.2d at 761, *see also Ramsey v. Maryland American General Insurance Co.*, 533 S.W.2d 344 (Tex.1976).

*Glover* is not controlling: The pre-existing condition clause is not ambiguous; and, its meaning and scope under the facts is not ambiguous. The Hannums' requested jury instruction is erroneous. The wording or construction of a jury instruction is not synonymous with the legal construction of a clause in an insurance policy.

Because the trial court correctly instructed the jury, we overrule appellants' first point of error.

■ By their second and last point of error, the Hannums contend the trial court erred in not admitting a document into evidence. The document (PX–11) purports to be an order of the Texas Commissioner of Insurance, dated a few days before the effective date of the insurance policy, placing General under the Commissioner's supervision because of a weak financial condition and a disproportionate number of complaints filed against it by policy holders. The Hannums' attorney argued the matter was relevant to their suit under the DTPA. General's objection, claiming the document was not properly authenticated, was sustained.

When its authenticity is placed in issue, a writing must be accompanied by proof it is genuine and was executed by the proper party. *See Henderson v. Heyer–Schulte Corp.*, 600 S.W.2d 844, 850 (Tex.Civ.App.— Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Zodiac Corp. v. General Electric Credit Corp.*, 566 S.W.2d 341, 346 (Tex.Civ.App.— Tyler 1978, no writ). The document was not self-authenticating under Tex.R.Evid. 902, nor was it authenticated under Rule 901(b)(7), "public records or reports," as the Hannums contend. That provision requires evidence that the document in dispute is from a public office and contains matter of a public nature, such as a report. The Hannums simply provided no evidence concerning the document.

The Hannums would next have us "bootstrap" this document into admissibility based on a similar document, which was admitted and which was authenticated by an affidavit, by arguing that since they were similar and since one was authenticated, the other was also. We cannot agree with this logic. Each document must be properly authenticated.

Since the document was not properly authenticated, the trial court did not err in excluding it. We overrule this last point of error.

The judgment is AFFIRMED.